### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES J. PORTLEY, SR.                         :
    Plaintiffs,                              :
                                    :   **CIVIL ACTION**
    vs.                                      :   **NO.  08-2799**
                                      :
LITTON LOAN SERVICING, LP, et al.             :
    Defendants.                              :

## ORDER

**AND NOW**, this 14th day of April, 2009, upon consideration of Defendants' Motion to Dismiss (Doc. 3) and Plaintiff's response thereto, (Doc. 4), **IT IS HEREBY ORDERED AND DECREED** that the Motion is **DENIED IN PART** and **GRANTED IN PART AS FOLLOWS:**

1.    Plaintiff's complaint as it pertains to Defendant Larry B. Litton, Sr. is **DISMISSED**[1];

2.    Defendants' Motion to Dismiss as it pertains to Plaintiff's complaint against Defendant Litton Loan Servicing, LP is **DENIED**[2].

---

[1] While the jurisdiction has not set forth a bright line rule on the issue of whether or not an officer of a debt collection company is a debt collector under the Federal Debt Collection Practices Act ("FDCPA"), it has been consistently held that an officer is liable only if he/she participates in the daily activities of debt collection practice and takes part in the collection efforts against the debtor. Ruff v. America's Servicing Co., 2008 U.S. Dist. LEXIS 33447, at *12-13 (W.D. Pa. Apr. 23, 2008). See also, Teng v. Metropolitan Retail Recovery, Inc., 851 F.Supp. 61 (E.D.N.Y. 1994) (finding that an officer and employee of a corporation were debt collectors under the FDCPA because they personally handled debt collection) and Petit v. Retrieval Masters Creditors Bureau, 211 F.3d 157 (7th Cir. 2000) (concluding that officers and employees were not debt collectors without a justifiable reason for piercing the corporate veil). The complaint does not sufficiently allege that Mr. Litton personally acted to collect the debt and accordingly, the complaint is dismissed against him individually.

[2] On a motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is

**IT IS FURTHER ORDERED** that Defendant shall file an answer to Plaintiff's

complaint within thirty (30) days of the date of this Order.

**BY THE COURT:**

**/s/ Petrese B. Tucker**

_____

**Hon. Petrese B. Tucker, U.S.D.J.**

---

whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000). While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997). Under the FDCPA, the Court must consider the potential violations through the least sophisticated consumer standard. It would be premature to conclude at this juncture that Plaintiff's allegations, if taken as true, fail to state a claim upon which relief can be granted. Accordingly, Defendants' Motion is denied as to the complaint against Litton Loan Servicing, LP.