IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES J. PORTLEY : | |
|     Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 08-2799 |
| LITTON LOAN SERVICING LP, : | |
|     Defendant. : | |

## MEMORANDUM AND ORDER

**Tucker, J.**                                                                                                            **April \_\_\_\_ ,2010**

      Presently before this Court are Plaintiff's Motion for Judgment on the Pleadings (Doc. 10), Defendant's Cross-Motion for Judgment on the Pleadings (Doc. 11), Plaintiff's Response in Opposition thereto (Doc. 12), and Defendant's Reply (Doc. 13). For the reasons set forth below, the Court denies both Plaintiff's Motion and Defendant's Cross-Motion.

## BACKGROUND

      Plaintiff, a Pennsylvania resident who defaulted on his mortgage loan, filed suit against Defendant, a debt collection agency incorporated in Delaware, for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff is a natural person residing at 7877 Michener Street, Philadelphia, Pennsylvania 19150. (Compl. ¶ 2.) Defendant is a limited partnership that maintains a principal place of business located at 4828 Loop Central Drive, Suite 600, Houston, Texas 77081. Id. On or about June 1, 2007, Option One Mortgage Corporation transferred the servicing rights to the mortgage loan on Plaintiff's Michener Street residence to Defendant. (Compl. ¶ 8.) On or about June 14, 2007, Defendant mailed to Plaintiff a four (4)

page welcome letter notifying Plaintiff of the assignment of servicing rights.[1] (Compl. ¶ 9.) On or about July 11, 2007, Defendant mailed to Plaintiff a six (6) page Act 91 Notice[2] indicating that Plaintiff's mortgage had been in default since March 1, 2007 and that Defendant intended to initiate foreclosure proceedings. (Compl. ¶¶ 10-11.) Plaintiff alleges the Act 91 Notice contains several errors and omissions, namely identifying Defendant as the "lender" rather than the "servicer" of the loan and failing to provide the name and address of the lender.

Page 1 of the Act 91 Notice begins with "This is an official Notice that the mortgage on your home is in default, and the lender intends to foreclose." Page 2 of the Act 91 Notice reads:

> ORIGINAL LENDER:         Contact Litton Loan Servicing LP
> CURRENT LENDER/SERVICER:   Litton Loan Servicing LP

(Compl. Ex. B at 2.) Page 3 of the Act 91 Notice provides:

> NOTE: IF YOU ARE CURRENTLY PROTECTED BY THE FILING OF A PETITION IN BANKRUPTCY, THE FOLLOWING PART OF THIS NOTICE IS FOR INFORMATION PURPOSES ONLY AND SHOULD NOT BE CONSIDERED AS AN ATTEMPT TO COLLECT THE DEBT.
>
> . . . .
>
> HOW TO CURE THE DEFAULT - You may cure the default within THIRTY (30) DAYS of the date of this Notice BY PAYING THE TOTAL AMOUNT

---

[1] Plaintiff attached a copy of the welcome letter to his Complaint as Exhibit A. In addition to informing Plaintiff of the assignment, the letter contains payment option information, temporary payment coupons, and information concerning privacy rights.

[2] Plaintiff attached a copy of the Act 91 Notice to his Complaint as Exhibit B. Pennsylvania has established the Homeowners' Emergency Mortgage Assistance Program which offers loans to residents in danger of losing their home to foreclosures to help them bring their delinquent payments current. The "Act 91 Notice" is the Notice of Homeowners' Emergency Mortgage Assistance that mortgagees are required to send to mortgagors prior to the initiation of a mortgage foreclosure action brought in Pennsylvania. See § 31.203(a) ("Before a mortgagee accelerates the maturity of a mortgage obligation, commences legal action including mortgage foreclosure to recover under the obligation, or takes possession of a security of the mortgage debtor for the mortgage obligation, the mortgagee is required to give notice in the form set forth in Appendix A."). The Notice provides the debtor with information about the loan program, contact information for local consumer credit counseling agencies, and information about the debt itself.

PAST DUE TO THE LENDER, WHICH IS $4,830.40 PLUS ANY MORTGAGE
PAYMENTS AND LATE CHARGES WHICH BECOME DUE DURING THE
THIRTY (30) DAY PERIOD. Payments must be made either by cashier's check,
certified check, or money order made payable and sent to:

>   Litton Loan Servicing LP
>   Attention: Cash Management Department
>   P.O. Box 4387
>   Houston, TX 77210-4387

. . . .

IF YOU DO NOT CURE THE DEFAULT - If you do not cure the default within
THIRTY (30) DAYS of the date of this Notice, the lender intends to exercise its
rights to accelerate the mortgage debt. . . . If full payment of the total amount past
due is not made within THIRTY (30) DAYS, the lender also intends to instruct its
attorneys to start legal action to foreclose upon your mortgaged property.

(Compl. Ex. B at 3.) Page 4 of the Act 91 Notice states:

>   HOW TO CONTACT THE LENDER
>   Name of Lender:    LITTON LOAN SERVICING LP
>   Address:           4828 Loop Central Drive, Houston, TX 77081.

(Compl. Ex. B at 4.)

Plaintiff filed the Complaint (Doc. 1) in federal court on June 16, 2008 alleging the errors in the Act 91 Notice in addition to the fact that Defendant mailed the Notice to Plaintiff constituted violations of the FDCPA. On April 14, 2009, the Court granted Defendant's Motion to Dismiss in part by dismissing Defendant Larry Litton, Sr. from the case (Doc. 7). The Court, however, denied Defendant's Motion to dismiss Defendant Litton Loan Servicing LP.[3] Defendant filed an Answer (Doc. 8) on April 7, 2009. On July 28, 2009, Plaintiff filed a Motion for Judgment on the Pleadings (Doc. 10). Defendant filed a Cross-Motion for Judgment on the

---

[3] In the Order, the Court noted that "[u]nder the FDCPA, the Court must consider the potential violations through the least sophisticated consumer standard. It would be premature to conclude at this juncture that Plaintiff's allegations, if taken as true, fail to state a claim upon which relief can be granted."

Pleadings on August 5, 2009 (Doc. 11). On August 19, 2009, Plaintiff filed a Response in Opposition to Defendant's Cross-Motion (Doc. 12). Defendant filed a Memorandum in Support of its Cross-Motion on September 3, 2009 (Doc. 13).

On October 15, 2009, the Court stayed the resolution of the motions pending the outcome of the arbitration hearing scheduled for October 30, 2009. In a letter dated November 8, 2009, Plaintiff's counsel indicated that the arbitration panel found in favor of Plaintiff against Defendant. On November 30, 2009, Defendant filed a Demand for Trial De Novo. The Court now addresses the pending motions.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed, as long as the party does so "within such time as not to delay the trial." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is subject to the same standard of review applicable to a motion to dismiss under Rule 12(b)(6). See Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991). "The only notable difference between these two standards is that the court in a motion on the pleadings reviews not only the complaint but also the answer and written instruments attached to the pleadings." Sprague v. Neil, 2007 WL 3085604 at *2 (M.D. Pa. Oct. 19, 2007) (citing 2 Moore's Fed. Practice Civil § 12.38 (2004)). Like a motion to dismiss, in considering a motion for judgment on the pleadings, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, viewing them in the light most favorable to the plaintiff. See Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2005). A motion for judgment on the pleadings should be granted only if it appears to a certainty that no relief could be granted under any set of

facts that could be proved.  See id.

In weighing the facts presented, the allegations in the complaint must transcend the speculative, and instead, state a claim to relief that is plausible on its face.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).  Though detailed factual allegations are not required, more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action.  Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).  "The issue is not whether a plaintiff will ultimately prevail but whether he or she is entitled to offer evidence to support the claims."  Oatway v. Am. Int'l Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003).

**DISCUSSION**

The Fair Debt Collection Practices Act ("FDCPA") was created to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  The FDCPA "provides a remedy for consumers who have been subjected to abusive, deceptive, or unfair debt collection practices by debt collectors."  Police v. Nat'l Tax Funding, L.P., 225 F.3d 379, 400 (3d Cir. 2000).

Since "[t]he FDCPA generally applies only to 'debt collectors,'" the initial issue in this matter is whether Defendant Litton Loan Servicing LP is a "debt collector" for the purposes of the FDCPA.  See id. at 403.  For reasons discussed below, the Court finds that Defendant is a "debt collector" under the FDCPA.

**A.  Defendant is a "debt collector" under the FDCPA.**

Plaintiff argues that Defendant is a debt collector for the purposes of FDCPA.  To support

this contention, Plaintiff points to the welcome letter Defendant sent to Plaintiff containing the statement "LITTON LOAN SERVICING LP IS A DEBT COLLECTOR." (See Compl. Ex. A.) Plaintiff also claims Defendant admitted to sending Plaintiff the Act 91 Notice indicating that Plaintiff was "seriously in default" because Plaintiff had not make monthly mortgage payments for "3/1/2007 through 7/1/2007." (See Compl. Ex. B.) Plaintiff notes that, according to the welcome letter, Option One Mortgage Corporation transferred the servicing of the mortgage loan to Defendant effective June 1, 2007. Plaintiff claims that according to Defendant's own representations, the debt was already in default when Defendant obtained it. As such, Plaintiff argues that Defendant is a "debt collector" for the purposes of the FDCPA. Defendant fails to rebut this argument in its Cross-Motion.

Under the FDCPA, a "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6). Excluded from the definition of "debt collector," however, are those who collect or attempt to collect a debt "which was not in default at the time it was obtained." Id. Thus, if a mortgage servicer is assigned a debt that is not in default at the time of the assignment, the mortgage servicer is not a "debt collector." See Pollice, 225 F.3d at 403-04. If, however, the debt is already in default at the time of the assignment, the mortgage servicer will be considered a "debt collector" for the purposes of the FDCPA. Id.

Here, the Court agrees with Plaintiff. The record provides sufficient facts to conclude that Defendant is a "debt collector" under the FDCPA. The welcome letter from Defendant to

Plaintiff indicates that Defendant received the assignment to collect on the mortgage loan debt "effective June 1, 2007." The Act 91 Notice indicates that Plaintiff had not made payments on the mortgage loan from March 1, 2007 through July 1, 2007, and was therefore in default. Because Plaintiff's mortgage loan was already in default at the time Defendant obtained the assignment, Defendant is a "debt collector" for the purposes of the FDCPA.

Having found Defendant to be a "debt collector" under the FDCPA, the Court will now address whether judgement on the pleadings for either party is appropriate at this time. In the Complaint, Plaintiff alleges Defendant violated the following three provisions of the FDCPA, Section 1692(e), Section 1692(f), and Section 1692(g).[4] Because the Court finds that a genuine issue of material fact remains concerning Defendant's liability under Section 1692(g) of the FDCPA, judgment on the pleadings for either party is inappropriate at this time.

## B. Defendant's liability under Section 1692g(a) of the FDCPA

Plaintiff alleges that Defendant failed to send to Plaintiff the written notice of the debt within five days after sending the welcome letter as required by the FDCPA. (Compl. ¶ 13(f).) Defendant counters that it mailed a "Validation of Debt" Notice to Plaintiff on June 14, 2007 and

---

[4] Plaintiff alleges that Defendant violated Section 1692e of the FCDPA by "using false, deceptive, and/or misleading representations," "falsely representing the character and/or legal status of the debt," and "threatening to take actions that could not be taken or that was not intended to be taken."

Plaintiff also alleges that Defendant violated Section 1692f of the FDCPA by "using unfair practices and/or means to collect or attempt to collect a debt."

Finally, Plaintiff alleges that Defendant violated Section 1692g of the FDCPA by failing to send within five (5) days after mailing the welcome letter a written notice containing (1) the amount of the debt; (2) name of the creditor to whom the debt was owed; (3) statement that unless Plaintiff, within 30 days after receipt of the notice, disputed the validity of the debt, or any portion thereof, the debt would be assumed to be valid by Defendant;(4) statement that if Plaintiff notified Defendant in writing within the 30-day period that the debt was disputed, Defendant would obtain verification of the debt and mail a copy of such verification to Plaintiff; and (5) a statement that, upon Plaintiff's written request within the 30 day period, Defendant would provide him with the name and address of the original creditor, if difference from the current creditor.

further argues that it never received a request for validation from Plaintiff. (Answer ¶ 13(e).)

Under Section 1692 of the FDCPA, debt collectors are required to provide consumers with a written notice of the debt within five days after the initial communication with a consumer in connection with the collection of any debt. See 15 U.S.C. § 1692(g)(a). Debt collectors are excused from this obligation only if the requisite information concerning the debt is included in that initial communication or if the consumer has already paid the debt. See id. In addition to the amount of the debt and the name of the creditor to whom the debt is owed, debt collectors are required to inform consumers that, if the consumer disputes the debt, the consumer has the right to obtain written validation of the debt as long as the consumer makes the request in writing within thirty days after receiving the notice. See id.

Here, the principle issue is whether Defendant mailed the written notice required by the FDCPA within the five day period after mailing the welcome letter on June 1, 2007. Viewing the factual allegations in the light most favorable to Plaintiff, the Plaintiff, by alleging that Defendant failed to mail such notice, has pled sufficient facts necessary to state a claim for relief. Defendant's rebuttal is also proof that a genuine issue of material fact exists as to whether Defendant mailed the written notice as required by the FDCPA. As such, judgment on the pleadings is inappropriate at this time.[5]

## **CONCLUSION**

For the foregoing reasons, both Plaintiff's and Defendant's Motions for Judgment on the Pleadings are denied. An appropriate Order follows.

---

[5] The fact that a genuine issue of material fact exists is sufficient to deny the parties' cross motions for judgment on the pleadings. The Court, thus, finds it unnecessary to address the remaining allegations raised in Plaintiff's Complaint.